UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYJUAN GRAY,

    Petitioner,

v.

SHANNON D. WITHERS,

    Respondent,
_____/

Case No. 2:25-CV-11395
HON. JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING GRAY TO INFORM THIS COURT WITHIN 30 DAYS OF THIS ORDER WHETHER HE WISHES TO HAVE THE PETITION RECLASSIFIED AS A MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 IN CASE No. 2:20-CR-20400**

    Petitioner Tyjuan Gray is incarcerated at the Florence Admax United States Penitentiary in Florence, Colorado. He recently filed a *pro se* petition for writ of habeas corpus, which the Court construes as being brought pursuant to 28 U.S.C. § 2241. Gray challenges his conviction in the United States District Court for the Eastern District of Michigan for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For the reasons that follow, the petition for writ of habeas corpus is **SUMMARILY DENIED**.

1

I.     BACKGROUND

Gray pleaded guilty before this Court and was sentenced to 41 months in prison, to be served consecutively to his sentence in Case No. 23-cr-20544. *United States v. Gray,* No. 20-cr-20400 (E.D. Mich. June 6, 2024) at ECF No. 89. Gray filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit, which remained pending at the time that Gray filed the present petition. On August 15, 2025, the Sixth Circuit affirmed Gray's conviction, although the court dismissed his ineffective assistance of counsel claims. *United States v. Gray*, 2025 WL 2375137 (6th Cir. Aug. 15, 2025).

While Gray's direct appeal was pending in the Sixth Circuit, Gray filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. That motion was dismissed without prejudice because Gray's direct appeal remained pending in the Sixth Circuit at the time he filed his motion. *United States v. Gray,* No. 20-cr-20400 (E.D. Mich. Aug. 19, 2024) (ECF No. 99). Gray then filed a supplemental motion to vacate sentence, which was dismissed on the same grounds as the prior motion; namely, that Gray's appeal remained pending in the Sixth Circuit. *United States v. Gray,* No. 20-cr-20400 (E.D. Mich. Nov. 21, 2024) (ECF No. 121).

2

Gray has now filed the instant petition, in which he seeks a reduction of his sentence on the felon in possession conviction.

## II. ANALYSIS

The Court dismisses this case because it lacks subject-matter jurisdiction over the petition for writ of habeas corpus.

As an initial matter, Gray does not indicate the statute under which he is bringing his habeas petition; he merely labels it as a petition for writ of habeas corpus. As Gray apparently is challenging the constitutionality of his federal conviction in this petition, this Court construes the petition as being brought under 28 U.S.C. § 2241. *See Clarke v. United States*, No. 24-CV-12500, 2024 WL 4520334, at * 1 (E.D. Mich. Oct. 17, 2024) (petition for "All Writ-Great Writ of Habeas Corpus" construed as being brought pursuant to 28 U.S.C. § 2241); *Walls v. United States*, 2006 WL 1851184, at * 1 (E.D. Mich. June 30, 2006) ("Petition for Writ of Habeas Corpus AD Subjiciendum In Instanter" construed as being brought under § 2241).

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *See Capaldi v. Pontesso*, 135

3

F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

"Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

An inmate convicted of a federal crime cannot claim that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *See, e.g., Capaldi,* 135 F.3d at 1124; *See also Copeland v. Hemingway,* 36 F. App'x 793, 794–795

4

(6th Cir. 2002). Gray failed to allege or show that his remedy under § 2255 is inadequate or ineffective; therefore, he cannot challenge his federal conviction by means of a petition for writ of habeas corpus. Gray would first need to file a motion to vacate sentence in front of this Court and be denied relief before he could even attempt to seek habeas relief from his conviction. Gray failed to show that a § 2255 motion would be an inadequate or ineffective vehicle to present his claims now that his direct appeal proceedings have ended in the Sixth Circuit. *See Bartok v. Warden Loretto FCI*, 609 F. App'x 707, 709–710 (3d Cir. 2015) (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997) (determining that the delay in submitting a § 2255 motion until the direct appeal is resolved does not render § 2255 inadequate or ineffective).

A motion to vacate sentence under § 2255 affords the same rights to a federal defendant as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974). However, unlike federal habeas corpus proceedings, a motion under § 2255 is filed before the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; E.D. Mich. L.R. 83.11(b)(6); *see also Hill v. United States*, 368 U.S. 424, 427 (1962).

Since this Court lacks subject matter jurisdiction over the habeas petition, the Court summarily dismisses the petition. *Taylor v. Owens*, 990 F.3d at 496.

This Court cannot sua sponte re-characterize the petition for writ of habeas corpus as a motion to vacate sentence brought under § 2255. Where a federal district court re-characterizes a *pro se* criminal defendant's motion as a first motion to vacate sentence brought pursuant to Section 2255, it must first notify the defendant that it intends to re-characterize the pleading, warn the defendant that any subsequent motion to vacate sentence will be subject to the Antiterrorism and Effective Death Penalty Act's restrictions on the filing of subsequent motions to vacate, and must provide the defendant with an opportunity to either withdraw the motion or to amend the motion so it can contain all of the claims that the movant wishes to raise in the motion. *Castro v. United States,* 540 U.S. 375, 383 (2003). If the district court fails to do so, the first motion cannot be considered a motion to vacate sentence for purposes of applying the restrictions on filing a second or successive motion to vacate sentence. *Id.*

This Court therefore **ORDERS** Gray within 30 days of the date of this order to advise the Court whether he wishes to: (1) have his petition for writ of habeas corpus re-characterized as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 in Case No. 2:20-cr-20400; and (2) amend the motion to add additional claims. If Gray notifies this Court that he wishes to have this petition re-characterized as a motion to vacate sentence, the Court will then determine whether the United States Attorney should file a response to the motion to vacate sentence. If Gray informs the Court that he does not want the petition reclassified as a motion to vacate sentence, the current case will be closed.

### III. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that:

A. The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED WITHOUT PREJUDICE.** A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004); Gray need not apply for one before filing an appeal in this case.

B. **IT IS FURTHER ORDERED** that Gray shall inform this Court within 30 days of the date of this order whether he wishes to have his petition for writ of habeas corpus reclassified as a motion to vacate sentence under 28 U.S.C. § 2255 in Case No. 2:20-CR-20400.

**SO ORDERED**.

Dated: September 17, 2025

**s/Jonathan J.C. Grey**
HON. JONATHAN J.C. GREY
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 17, 2025.

                              **s/ S. Osorio**
                              Sandra Osorio
                              Case Manager